### PARKER, Respondent, v. EVANS, Appellant.

1. An affidavit made before a justice of the peace, under the 4th section of the act concerning strays, (R. C. 1845, p. 1039,) by one taking up a stray, is no evidence of the facts therein stated in a suit brought by such person against one claiming to be the general owner of the stray.

2. It is not necessary that the taker up of a stray should, in order to acquire title under the law concerning strays, keep the animal so taken up within an enclosure for the time limited by law; it is sufficient if he bestows such care and attention upon the animal as a prudent and careful man bestows upon his own animals of the same kind.

*Appeal to St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.

*Reber*, for appellant.

*S. H. Gardner*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

Parker sued Evans before a justice of the peace, for the value of a steer. He obtained a judgment against the defendant, who appealed to the Law Commissioner's Court. In the Law Commissioner's Court judgment was again rendered for Parker, and the defendant appealed to this court.

Parker claimed title to the steer under the stray law; the defendant claimed him as general owner. On the trial, the plaintiff proved that he posted the steer on 22d February, 1853. It appeared in evidence that after the posting of the

steer, the plaintiff broke him to the yoke and occasionally kept him up within his enclosure; but at other times, he suffered the steer to run at large with his own and his neighbor's cattle. The parties to this suit were neighbors, living a few miles apart. The steer came again into defendant's possession in January or February, 1855.

The points for our decision arise upon the instructions given, and also upon those refused by the court below. The court, on the plaintiff's motion, gave the following instructions: "1. If the jury believe from the evidence that the steer or ox in question was lawfully in the possession of the plaintiff, and was by the defendant unlawfully taken out of his possession and detained from him after demand made, the plaintiff is entitled to such damage as the jury shall believe from the evidence he is entitled to by reason of such taking and detention, and plaintiff is entitled to recover the value of said steer as damages." "2. If the jury shall believe from the evidence that the animal in question is the property of the defendant, they will, notwithstanding, find a verdict for the plaintiff, provided they shall believe from the evidence he has complied strictly with the following requisites, that is to say, that he was a free white person and a householder; that he found the said animal as a stray on his plantation, and took it up; that within five days after he took it up, he went before a justice of the peace of this county, and made oath that it was taken up on his plantation, and that the marks and brands had not been since altered to his knowledge; that at least two disinterested householders took an oath that they would fully, fairly and impartially appraise the same; that they did thus appraise the same, and that their appraisement embraced a description of the size, color, age, sex, marks and brands of the said stray; and that the justice of the peace entered the said description on his stray-book; that the plaintiff delivered or caused to be delivered to the clerk of the county court of St. Louis county a certified copy of said entry on the justice's stray-book within fifteen days after the said appraisement; that the plaintiff, immediate-

Parker v. Evans.

ly after the appraisement, caused a notice to be set up at three of the most public places in St. Ferdinand township, which said notice contained a copy of the said entry in the justice's stray-book ; and if the jury shall not find that all the above requisites have been complied with, they will find a verdict for the defendant ; and if the jury shall believe from the evidence the plaintiff did not take the said stray up on his plantation, or on the plantation which he occupied, they will find for the defendant."

The defendant asked the following instructions, the first of which was given, and the other two refused, viz : " 1. The jury are instructed that an oath administered by a justice of the peace to the appraisers of an estray, that they had, without partiality, favor or affection, viewed and appraised the steer in controversy, is not such an oath as the statute requires the appraisers to take before they appraise an estray ; and that unless they, the appraisers, take an oath before appraising that they will fully, fairly and impartially appraise the stray, the taker up can acquire no title under the estray law, and the jury must find for the defendant." " 2. The affidavit of the plaintiff, given in evidence, that he took up a stray at his plantation, is no evidence that he did take up the steer in controversy on his plantation ; and he can not recover in this suit, without proving by other evidence, that he did take him up whilst on his plantation." " 3. The jury is instructed that if they shall find from the evidence that the plaintiff took up the steer in controversy as a stray, and within one year next after the time of taking him up, voluntarily suffered him to go at large in the range without any enclosure, he can not claim any title to the steer under the law concerning strays."

The first section of the act concerning strays, (R. C. 1845, p. 1838,) is as follows : "No person shall take up any unbroke animal as a stray between the first day of April and the first day of November, unless the same be found within his lawful enclosure ; nor shall any person, at any time, take up any stray unless it be found on his plantation."

The proof in this case shows that this animal was taken up in

February, and that he was broken to the yoke afterwards by the plaintiff and his employees. But the court below, in laying down the requisites to be attended to and to be done by a person before such person can acquire title to an estray, omitted to mention this in regard to the time in which, by the statute, a person can take up a stray. If the animal be unbroke, unless it be found within the lawful enclosure of the person taking up, it is not allowed to be taken up as a stray between the first of April and the first of November. Here, the particular times specified in the statute were omitted to be laid down in the instruction given for the plaintiff. This omission was purely accidental, no doubt, for the proof abundantly established the taking up between the first of November and the first of the succeeding April—the time allowed for such acts by the statute.

As the judgment below has to be reversed upon another ground, this defect in the plaintiff's instruction is pointed out, that it may be avoided in the next trial. The first instruction given for the plaintiff also had better be altered, so as to do away with the objection urged against it, on the ground of referring to the jury a matter of law, such as " if the steer was *lawfully* in plaintiff's possession" and "*unlawfully* taken out" by defendant. These two objections are noticed by this court out of much caution, in order that plaintiff's counsel may avoid them on the next trial.

The second instruction asked by defendant ought to have been given to the jury by the court. The affidavit of the taker up is a material fact, but it does not establish another material fact in plaintiff's title—the fact of taking up the stray on plaintiff's plantation. The affidavit of the plaintiff, required under the stray law, will not be proof of the fact of the taking up of the stray on plaintiff's plantation ; other proof of this material and important fact is necessary, and must be adduced in order to make title in the taker up. The refusal to give this instruction is error. The court instructed the jury that they must believe from the evidence that the stray was taken up on

Parker v. Evans.

the plantation of the plaintiff; this was very proper; and had they been informed that the plaintiff's affidavit was not evidence òf this fact, there would have been no error. But as it appears from the record otherwise, this court must reverse the judgment.

The main question, and, no doubt, the only one considered of any importance below, arises on the refusal of the court to give the defendant's third instruction. This court can not consent to the doctrine contended for by the defendant's counsel, that the chief duty of the taker up is to keep the stray in custody. Such a doctrine would at once defeat the ends of this wholesome and necessary law. The costs and charges for taking up and keeping the stray in enclosures, and expenses of feeding and attending to such animal, would very soon amount to the value of the animal; and no man would hunt for or endeavor to find what would cost him the full value, or more than the value, when found; and few would be willing to take up and keep estrays under such circumstances.

In this country, between the first of April and first of November, generally, the seasons are such that most of the animals that run in the range make out to live. There is no necessity for such to be taken up. In the season between the first of November and first of April, animals require the food of the husbandman; they must be fed from the master's field and crib. Then the law permits the stray animal to be taken up and fed and taken care of like the other animals and stock of the taker up; and when the spring returns and the range becomes good, then the taker up permits his own and the stray to feed together in the range. There is no necessity to keep such stray up in stables and pens or fields. When they fare as the taker up permits his own to fare, that is sufficient. The ox knows his master's crib, and generally on the approach of winter returns to it; and the prudent husbandman often casts his eye over his stock in the range, and often reminds them of his care by a handful of salt.

Nothing more is required of the taker up than to use such

care and bestow such attention on the stray animal as a prudent and careful man bestows upon his own animals of the same kind. There was no error, therefore, in refusing the defendant's third instruction. The judgment below must be reversed for the error committed by refusing to give the defendant's second instruction. The other judges concurring, the judgment is reversed, and the cause remanded.